**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DENISE GARDNER,

      Plaintiff,

v.                                                   Case No. 06-CV-10372-DT

WAYNE COUNTY, et al.,

      Defendants.
                                          /

**OPINION AND ORDER DENYING "PLAINTIFF'S MOTION TO AMEND PLAINTIFF'S COMPLAINT TO ADD SANDRA PEPPERS AS A DEFENDANT"**

Pending before the court is Plaintiff Denise Gardner's July 6, 2007 "Motion to Amend Plaintiff's Complaint to Add Sandra Peppers as a Defendant." Having reviewed the briefing in this matter, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's motion.

**I. BACKGROUND**

Plaintiff filed her complaint on January 27, 2006, alleging racial harassment, discrimination, retaliation, wrongful termination and intentional infliction of emotional distress against Defendants Wayne County, Kulah Allen, Pat Buchannon, Josephine Messelmani-Woods, Felicia Coleman and Loretta Wade. (*See* 1/27/06 Compl.) Under the court's original scheduling order, discovery was to end on March 30, 2007 and dispositive motions were to be filed by April 30, 2007. (*See* 10/11/06 Scheduling Order.) The court extended the discovery cut-off date until April 30, 2007, keeping the dispositive motion deadline in place. (*See* 3/20/07 Order.) Sandra Peppers's deposition was taken on April 19, 2007. (*See* Peppers's Dep. Tr., Pl.'s Ex. 10.) Based

on information obtained in this deposition, Plaintiff filed an April 27, 2007 motion to compel discovery, which the court granted in part, as well as a June 26, 2007 motion to amend her complaint to add Peppers as a defendant, which is currently pending before the court.

## II.  STANDARD

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). After a responsive pleading has been filed, however, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.* "In deciding whether to permit a plaintiff to amend, a district court can consider 'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *Sosby v. Miller Brewing Co.*, 211 F. App'x 382, 389 (6th Cir. 2006) (quoting *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990)). Delay alone, however, is not a "sufficient reason to deny the amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001). The decision to permit or reject the amendment is committed to the discretion of the trial court. *See id.* (citations omitted) ("The denial of a motion for leave to amend is reviewed for abuse of discretion, except to the extent that the decision is based on a legal conclusion that the amendment would not withstand a motion to dismiss."); *S. Elec. Heath Fund v. Heritage Mutual Ins. Co.*, 147 F. App'x 497, 504 (6th Cir. 2005)

("[W]e also review a district court's decision to grant leave to amend for abuse of discretion.").

As provided by Federal Rule of Civil Procedure 16(b), a court's scheduling order may only be modified upon a showing of good cause. Additionally, the amendment will only be granted "if [the original schedule] cannot reasonably be met despite the diligence of the party seeking the extension." *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) (citing Fed. R. Civ. P. 16, 1983 advisory committee's notes; *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002)). Before modifying the scheduling order, the court should also consider whether the nonmovant will suffer any prejudice by virtue of the amendment. *Id.* However, Rule 16 shall not be construed as a means to circumvent the expressed limitations of Rule 15. *See generally id.* at 906-09. Accordingly, the party seeking to amend the scheduling order must satisfy the requirements of both Rule 15 and Rule 16.

### III.  DISCUSSION

#### A.  Rule 16

##### 1.  Good Cause

Plaintiff's motion fails to persuade the court that "good cause" exists to allow an amendment to the court's scheduling order under Rule 16(a). Plaintiff filed her June 26, 2007 motion to amend her complaint almost two months after the extended April 30, 2007 discovery deadline and Defendants' April 30, 2007 motion for summary judgment. Nonetheless, Plaintiff argues that her delay is excusable because her basis for adding Peppers as a defendant is based on evidence Plaintiff unearthed during Peppers's April

19, 2007 deposition. Peppers stated during her deposition that she spoke to the following people while investigating Plaintiff's complaint: Pat Buchannon, Felicia Coleman, Josephine Messelmani-Woods, Monica Reynolds, Kathleen Harrington, Stephanie Kemp, Geraldine Harris and Alice Smith. (Peppers's Dep. Tr. at 62-63, Pl.'s Ex. 10.) Because most of these individuals did not recall having such a conversation with Peppers, (*see* Dep. Trs., Pl.'s Ex. 5-9), Plaintiff filed her motion to add Peppers as a defendant, claiming that this alleged contradiction supports a finding that Peppers "participated in or supported the discrimination or hostile working environment that was created," (Pl.'s Mot. Br. at 2).

The court's scheduling order does allow amendments based on newly discovered information if the amending party does so "promptly after receipt of the information upon which the proposed amendment is based." (10/11/06 Scheduling Order at 2.) However, the court is unpersuaded that Plaintiff's motion to amend was filed promptly after Plaintiff received the allegedly newly-discovered evidence.

To the extent Plaintiff has a good faith basis to pursue a claim of discriminatory compensation against Peppers,[1] she admits that she became aware of the basis for this claim during Peppers's April 19, 2007 deposition. While Plaintiff discusses at length the reasons that Peppers's deposition was taken close to the end of the discovery cut-off, and places the blame for all delays on Defendants, the court does not find the delay in Peppers's deposition problematic. It was conducted within the discovery period and the

---

[1]In Defendants' response, they note that Peppers stated that she purposefully spoke to other employees regarding Plaintiff in a general manner to defuse the situation and that she would not be surprised if they did not remember the conversation when asked about it two years later.

4

fact that it was conducted in late April instead of earlier is irrelevant. What Plaintiff does not adequately explain is the over two-month delay from the date of the deposition to the date of Plaintiff's motion to amend. The court is unpersuaded by Plaintiff's claim that she needed to wait two weeks until she received transcripts of the deposition to determine that Peppers's statements contradicted other employees' earlier statements. While deposition transcripts typically aid a party by providing detail, Plaintiff should have been aware of the allegedly conflicting accounts at the deposition. And, indeed, Plaintiff *was* able to file an April 27, 2007 motion to compel discovery, which was based on Peppers's deposition, despite not having the transcript of the deposition.

Even if it was necessary for Plaintiff to review the transcripts before deciding whether to move to amend her complaint, she waited forty-five days after receiving the transcripts before notifying Defendants of her intended amendment, and then waited another eleven days before actually filing her motion to amend. Accordingly, Plaintiff has not demonstrated good cause for her delayed motion to amend.

### 2. Prejudice

In deciding whether to amend a scheduling order, the court must also consider "the potential prejudice to the nonmovant." *Leary*, 349 F.3d at 909. A delay that does not prejudice the opposing party is not a proper basis to deny a motion to amend. *See Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Plaintiff contends that her motion should be granted because the proposed amendment would not prejudice Defendants.

First, Plaintiff claims that she timely notified Defendants on June 15, 2007 regarding her intention to add Peppers as a defendant. Plaintiff claims that it was

5

impossible for her to have informed Defendants of her intended amendment earlier.  For the reasons stated above, the court is persuaded that Plaintiff could have moved more diligently in her efforts to amend her complaint.

Second, Plaintiff argues that Defendants would suffer no prejudice because adding Peppers as a defendant would not require Defendants to conduct further discovery.  Plaintiff claims that because her proposed amendment simply adds another defendant that would be in the same legal position as the current Defendants, the amendment would not necessitate any further discovery or additional legal argument.  In doing so, Plaintiff mischaracterizes the contents of her amendment.  While Plaintiff's proposed claims against Peppers are the same as those against the current Defendants, Plaintiff's theory of liability against Peppers is unique.  Plaintiff contends that Peppers's failure to properly investigate Plaintiff's discrimination claims was racially motivated and should create an inference that Plaintiff's later termination, approved by Peppers, was similarly racially motivated.  This argument is not made against any of the current Defendants.

Plaintiff's new theory of liability against Peppers was not obviously an object of discovery and the court is not aware that any person, even Peppers, was deposed regarding this issue.  It appears that Defendant would need to, at a minimum, re-depose Peppers and prepare its response to Plaintiff's new allegation.  Therefore, the court rejects Plaintiff's contention that no further discovery would be necessary as a result of Plaintiff's amendment.  Because discovery has ended, this additional discovery would necessarily delay trial and modify the court's scheduling order.  "At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates

6

significant prejudice, and other Circuits agree." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (internal citations omitted).

Moreover, like the Defendants in this case, the defendant in *Duggins* had already filed a motion for summary judgment. *See id.* As a result, the Sixth Circuit also approved the district court's finding that allowing the amendment would prejudice the defendants by denying them their "anticipated 'closure.'" *Id.* Plaintiff intimates that because Defendants filed their motion for summary judgment eleven days after Peppers's deposition, as Defendants were required to do under the Scheduling Order, even if Plaintiff had promptly filed its motion to amend, it would still have come after Defendants' summary judgment motion.

While Defendants' summary judgment motion was filed soon after Peppers's deposition, Plaintiff could have at least alerted Defendants to the possibility of a motion to amend within the eleven days between Peppers's deposition and the dispositive motion cut-off date. Furthermore, even if Plaintiff could not have reasonably decided within that amount of time whether she wished to add Peppers as a defendant, the court is not persuaded that a motion to amend filed in May would have been no less prejudicial than one filed in June. Due to Plaintiff's own motion to compel, the court allowed the parties to conduct additional discovery and suspended the deadline for Plaintiff to respond to Defendants' motion for summary judgment. Had Plaintiff filed her motion to amend in May, her motion to amend could have been resolved, and discovery conducted, concurrently with Plaintiff's motion to compel. This would have allowed Defendants to amend their motion for summary judgment, if necessary, before Plaintiff responded to Defendants' summary judgment motion. As it stands now, Plaintiff has

7

already responded to Defendants' motion for summary judgment and Defendants have filed a reply. Therefore, this amendment would turn what is now a case-dispositive motion for summary judgment into a partial motion for summary judgment, require further discovery and a possible second motion for summary judgment. This scenario presents a typical case of prejudice.

Plaintiff's delayed amendment will prejudice Defendants and require the court to amend its scheduling order. Because Plaintiff has failed to show good cause for her delay, the court will deny Plaintiff's motion to amend under Rule 16.

## B. Federal Rule of Civil Procedure 15

A plaintiff must first satisfy Rule 16(b)'s good cause requirement before considering whether Rule 15(a) would allow the amendment. *Leary*, 349 F.3d at 909 (citing *Sosa v. Airport Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). As stated above, Plaintiff has failed to show good cause to amend the scheduling order under Rule 16(b). Nonetheless, the court finds that Plaintiff's amendment is also improper under Rule 15(a).

The court has found that Plaintiff had notice of her potential claim against Peppers during an April 19, 2007 deposition. Plaintiff's failure to raise that claim until June 26, 2007, well after the discovery cut-off date and dispositive motion deadlines, constitutes undue delay. This delay would prejudice Defendants by the expenditure of more time and money on additional discovery and motion practice. The fact that Plaintiff notified Defendants on June 26, 2007 of her intent to amend her complaint is insufficient to constitute adequate notice and alleviate Defendants' prejudice.

8

Defendants further argue that Plaintiff's amendment would be futile because of governmental immunity, lack of individual liability under Title VII and statute of limitations grounds. Because the court has determined that Plaintiff's belated amendment is a product of undue delay, resulting in lack of notice and undue prejudice to Defendants, Plaintiff's motion to amend should also be denied under Rule 15, and the court need not determine whether Plaintiff's proposed amendment would also be futile.

## IV. CONCLUSION

IT IS ORDERED that "Plaintiff's Motion to Amend Plaintiff's Complaint to Add Sandra Pepper as a Defendant" [Dkt. # 51] is DENIED.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: August 15, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 15, 2007, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522